IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

AMANDA WOLBERG,

Plaintiff,

vs.

BLOCK LEGAL DEPT (Cashapp)

Defendant.

Civ. No. 6:26-cv-01870-AA

**OPINION & ORDER**

---

AIKEN, District Judge.

Self-represented Plaintiff Amanda Wolberg seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons explained below, Plaintiff's IFP Petition, ECF No. 2, is DENIED with leave to refile or pay the filing fee. Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendant. Plaintiff shall have thirty days from the date of this order to file an amended complaint.

LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To allow a litigant to proceed IFP, a court must make

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

As to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

To assess an IFP petition, a court must determine whether the plaintiff has made a sufficient showing of indigency. Here, self-represented Plaintiff has not made that showing because the IFP petition has not been properly completed. The petition lacks information from which the Court can make an IFP determination.

For example, in response to question 8, whether Plaintiff has monthly payments, Plaintiff checked both yes and no. Plaintiff then wrote three words in the space below the question. The Court can decipher only the first word. In response to question 10, whether Plaintiff has any debts or financial obligations, Plaintiff wrote "financial aid." This does not make sense to the Court. The petition overall contains little information from which the Court can provide the proper analysis. For these reasons, the IFP petition is DENIED with leave to refile.

Second, a court must determine whether the plaintiff has provided "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, Plaintiff's Complaint falls short because (1) Plaintiff fails to state the reason that this Court has subject matter jurisdiction or authority to hear her case, and (2) Plaintiff fails to state a viable cause of action.

Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *See id.*; *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (*en banc*).

Federal courts have jurisdiction over two primary categories of cases: (1) "federal question" cases; and (2) "diversity of citizenship" cases. A "federal question" case involves the Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states where the amount of damages is more than $75,000. *See* 28 U.S.C. § 1332(a)(1). When a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to hear a case, it must dismiss the complaint, whether upon the motion of a party or on its own. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015); *see also* Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff sues under 28 U.S.C. § 1332, the diversity statute. Compl. at 3–4. A suit in diversity requires that each Defendant be a citizen of a State different from that of Plaintiff *and* that the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332.

Plaintiff alleges that she is a citizen of Oregon. Plaintiff brings claims against Defendant CashApp, a corporation. To invoke diversity jurisdiction in a dispute against a corporation, Plaintiff must name the state in which the corporation is incorporated *and* the state in which the corporation has a principal place of business. For purposes of subject matter jurisdiction, corporations are deemed citizens of the states in which they are incorporated and in which they have their principal place of business. 28 U.S.C. § 1332(c)(1). But a corporation "is not deemed a citizen of every State in which it conducts business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). For purposes of federal subject matter jurisdiction, a corporation's principal place of business is the corporations "nerve center"—the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 93, 97 (2010). Normally, it is the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings. *Id.* at 93. And it is a single place in a single state. *Id.* Therefore, diversity jurisdiction requires that both the corporation's state of incorporation and the corporation's state of principal place of business be diverse from Plaintiff's state of domicile. Here, Plaintiff alleges that Defendant is incorporated under the laws of California. Compl. at 3. But Plaintiff fails to allege the state in which Defendant has its principal place of business. *Id.* Further, to invoke subject matter jurisdiction under the diversity statute, Plaintiff must say why the amount in controversy exceeds $75,000.

As to the cause of action, Plaintiff alleges that CashApp violates 15 U.S.C. § 1681, the Fair Credit Reporting ACT ("FCRA"), because it declined to respond to her request for her transaction history. Compl. at 4. But FCRA does not apply to the facts here.

Plaintiff alleges that at some time before 2023 and continuing to the present, her "ex" "created multiple [CashApp] accounts under [her] name and social security number" and that he used the accounts to pretend to be [her] to get money from [her] dad." Ex. 1 at 2–3. On August 9, 2026, Plaintiff sent a "demand letter" to CashApp for "the transaction history for any and all CashApp accounts connected to [her] name and/or social security number[.]" *Id.* CashApp failed to respond. *Id.*

FCRA provides a private right of action to a consumer to seek a "consumer report" from a "consumer reporting agency" subject to certain conditions. 15 U.S.C. § 1681(a), (b). A "consumer reporting agency" is defined by FCRA as

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a.

Here, Plaintiff brings an action against CashApp under FCRA. But CashApp is not a credit reporting agency. So, Plaintiff cannot sue CashApp under FCRA to disclose a consumer report.

Should Plaintiff seek to proceed with this action against CashApp, Plaintiff must establish subject matter jurisdiction either under the diversity statute or under

a different federal statute, not under FCRA, because FCRA does not apply here. Further, Plaintiff must provide a different cause of action because Plaintiff cannot sue CashApp under FCRA to disclose a consumer report.

Plaintiff has moved for appointment of counsel. ECF No. 3. A district court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). "A finding of exceptional circumstances . . . requires at least an evaluation of likelihood of the plaintiff's success on the merits and plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal citation and quotation marks omitted). Here, Plaintiff has failed to state a claim. The Court does not find exceptional circumstances warranting the appointment of counsel. Accordingly, the Motion, ECF No. 3, is denied.

In sum, Plaintiff's IFP petition is dismissed because it is incomplete. Plaintiff is granted leave to file a proper IFP petition or pay the filing fee. Plaintiff's Complaint is dismissed with leave to amend because Plaintiff fails to provide sufficient information to establish that this Court has authority to hear her claim and Plaintiff fails to allege a viable cause of action against Defendant.

## CONCLUSION

For the reasons explained above, Plaintiff's IFP petition, ECF No. 2, is DENIED with leave to refile a proper petition or pay the filing fee. Plaintiff's

Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff's Motion for the appointment of pro bono counsel, ECF No. 3, is DENIED.

Plaintiff shall have thirty days from the date of this Order to (1) refile a complete and proper IFP petition or pay the filing fee; and (2) amend the Complaint. Plaintiff is advised that failure to perform these actions within the allotted time will result in dismissal of the case without further notice.

It is so ORDERED and DATED this 5th day of October 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge